CORNELIUS VANDERZEE, et al., Respondents, *v.* HARMON SLINGERLAND et al., Appellants.

Where there is a devise or bequest *simpliciter* to one person absolutely, and in case of his death to another, it is a settled rule of construction that the words of contingency refer to a death in the life-time of the testator.

The same rule applies where the devise over is not dependent upon the event of death simply, but upon death in connection with some collateral event, as death without issue or without children, etc.

The rule in the latter case stands more upon authority than reason, and the tendency of courts is to lay hold of slight circumstances to vary the construction, and give effect to the language according to its natural import, as referring to a death under the circumstances mentioned, happening either before or after the death of the testator.

The will of V. devised his real estate to his son Cornelius, "subject to the proviso hereinafter contained." After various legacies, which were in con-

sideration of the devise directed to be paid by C. within two years after the testator's death, the will contained a proviso to the effect that if Cornelius died without issue then the estate devised to him should go to four grandchildren of the testator. The concluding portion of the clause is as follows : " In case my son Cornelius should die before the provisions of this will become an act the devisees last named shall perform and fulfill all the conditions required of my son Cornelius to the legatees named." Cornelius survived the testator, but died without issue. In an action for partition, *held,* that the words " died without issue " referred to a death at any time, whether before or after death of the testator ; that Cornelius took a conditional fee, and the grandchildren a contingent interest by way of executory devise, which, upon the happening of the contingency provided for, was converted into a fee, thereby displacing the conditional fee,

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 26, 1883, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This was an action for partition. The facts are sufficiently stated in the opinion.

*Nathaniel C. Moak* for appellants. The second clause of the will devises the real estate — not a mere life estate — absolutely to his son Cornelius, subject to the proviso hereinafter contained. (*Roseboom* v. *Roseboom*, 15 Hun, 309.) Since the Revised Statutes this gives the fee without adding the word " heirs." (1 R. S. 748, § 1; Edm. Stat. 699; *Roseboom* v. *Roseboom*, 15 Hun, 314 ; *Bishop* v. *Bishop*, 4 Hill, 138 ; *Kelly* v. *Kelly*, 5 Lans. 443 ; affirmed, 61 N. Y. 47 ; *Kirk* v. *Richardson*, 32 Hun, 434, 435.) Had Cornelius had issue, such issue would have taken no estate in the lands. (*Post* v. *Hover*, 33 N. Y. 593 ; 2 R. S. 66, § 52 ; 2 Edm. Stat. 66.) The tenth clause, providing for Cornelius dying without issue, refers to his so dying during the life-time of the testator only. The clause is one of contingency and not of limitation. (*Kelly* v. *Kelly*, 5 Lans. 443–449 ; affirmed, 61 N. Y. 47, 50–51 ; *McLaughlin* v. *Maher*, 17 Hun, 215 ; *Gibson* v. *Walker*, 20 N. Y. 476, 483 ; *Livingston* v. *Greene*, 52 id. 124 ;

*Embury* v. *Sheldon*, 68 id. 233 ; *Converse* v. *Kellogg*, 7 Barb.
590 ; *Goodall* v. *McLean*, 3 Bradf. 309 ; *Moore* v. *Lyons*, 25
Wend. 127–8 ; *O'Brien* v. *Hervey*, 2 Edw. Ch. 249 ; *Cross-
man* v. *Fields*, 119 Mass. 170, 172 ; *Abbott* v. *Bradstreet*, 3
Allen, 589 ; *Waugh's Appeal*, 78 Penn. St. 436 ; *Stone* v.
*Nicholson*, 27 Gratt. [Va.] 17–18 ; *Snell* v. *Davis*, 23 Grant's
[U. C.] Ch. 132 ; *Leonard* v. *Kingsland*, 19 N. Y. Week.
Dig. 473 ; 67 How. Pr. 431 ; *Kerr* v. *Bryan*, 32 Hun,
51, 53 ; *In re Tallmadge*, 20 N. Y. Week. Dig. 69 ; 34
Hun, 624 ; 61 N. Y. 47; 68 id. 227 ; 19 Week. Dig. 161 ; 81
N. Y. 365 ; 91 id. 464 ; 52 id. 118 ; *In re Mahan*, 32 Hun,
73, 75 ; *Taggart* v. *Murray*, 53 N. Y. 233 ; *Mickley's Ap-
peal*, 92 Penn. St. 514 ; *Carroll* v. *Burns*, 15 Weekly Notes
of Cases, 553, 557 ; *Voorhis* v. *Bank*, 10 Peters, 471 ; *Scott*
v. *Guernsey*, 60 Barb. 163 ; 48 N. Y. 106.) By holding
that the grandchildren were merely substitutional in case Cor-
nelius died before the testator, with no issue to take, every
word and clause of the will is simple and easily understood, can
be literally and exactly complied with without any departure
from the plain, obvious and primary import and acceptation of
the words used. (Wigram on Extr. Ev. [2d Am. ed., O'Hara's]
55–6, rules 13, 14 ; id. 102.) When an estate is given in one
part of a will in clear and decisive terms, such estate cannot be
taken away. (*Roseboom* v. *Roseboom*, 81 N. Y. 356.) The
subsequent words or provisions if repugnant to or inconsistent
with the first provision, will be held void. (*Van Horn* v.
*Campbell*, 3 East. Rep'r, 428 ; *Caldwell* v. *Beaumont*, 91 N.
Y. 468 ; *Clark* v. *Leupp*, 88 id. 218 ; *Jackson* v. *Robbins*, 16
Johns. 537 ; *Jackson* v. *Bull*, 10 id. 19 ; *McDonald* v. *Wall-
grove*, 1 Sandf. Ch. 247.) The devisees having accepted the
devise, that imposed upon them a personal liability and duty
to pay the legacies given by the testator, without reference to
the fact whether the property devised and accepted was suffi-
cient for that purpose. (*Gridley* v. *Gridley*, 24 N. Y. 130 ;
reversing, 33 Barb. 250; *Harris* v. *Am. Bib Soc.*, 4 Trans. App.
488–492 ; *Heard* v. *Horton*, 1 Denio, 165 ; *Cipperly* v.
*Cipperly*, 40 How. Pr. 271–3 ; *Dumond* v. *Stringham*, 26

Barb. 104; *Spraker* v. *Van Alstyne*, 18 Wend. 200, 204-9, 212; *Barheydt* v. *Barheydt*, 20 id. 576, 581; *Fox* v. *Phelps*, id. 437, 442; affirming, 17 id. 393; *Mesick* v. *New*, 7 N. Y. 165, 166; *Olmstead* v. *Olmsted*, 4 id. 56–58; *Jackson* v. *Martin*, 18 Johns. 131; *Jackson* v. *Merrill*, 6 id. 185; *Maclachlan* v. *Maclachlan*, 9 Paige, 534, 537, 538; *Cook* v. *Holmes*, 11 Mass. 532.) Where a will gives cross remainders, or the estate to a "survivor" of two or more persons living, it converts what otherwise would be a fee into a life estate from "the plain and forcible import of the word ' survivor.' " In such case the time of the death of the first taker is fixed not with reference to that of the testator, but of some other designated person — the first taker. (4 Kent's Com. 201, marg. p.; *Wilkes* v. *Lion*, 2 Cow. 392; *Vedder* v. *Evertson*, 3 Paige, 290; *Waldron* v. *Granim*, 6 Hill, 603; *Buel* v. *Southworth*, 70 N. Y. 581; *Nellis* v. *Nellis*, 2 East. Rep'r, 423; *Wilson* v. *Wilson*, 32 Barb. 333–4; *Den* v. *Allaire*, 20 N. J. Law, 6, 11; *Bayless* v. *Prescott*, 79 Ky. 253.) Cornelius Vanderzee, the devisee, took a fee, because the attempted gift over was an executory devise. (*Coe* v. *Dewitt*, 22 Hun, 428; *Lott* v. *Wycoff*, 2 N. Y. 355; *Seaman* v. *Harvey*, 16 Hun, 71; *Campbell* v. *Van Horne*, 3 East. Rep'r, 84, 85; *Campbell* v. *Beaumont*, 91 N. Y. 464; *Clark* v. *Leupp*, 88 id. 228.)

*E. Countryman* for respondents. The testator gave to his son Cornelius a contingent estate in fee, subject to be and which was reduced to a life estate by his death without issue, and the fee then passed to the grandchildren. (*Buel* v. *Southwick*, 70 N. Y. 581, 585, 586; *Nellis* v. *Nellis*, 99 id. 505, 511, 512; *Kelso* v. *Lorillard*, 85 id. 177; *Dumond* v. *Stringham*, 26 Barb. 105; *Sherman* v. *Sherman*, 3 id. 385, 387; *Britton* v. *Thornton*, 112 U. S. 526; 1 R. S. 722, §§ 3, 5; id. 723, § 13; id., § 22; id. 724, § 34; *Hennessy* v. *Patterson*, 85 N. Y. 100; 1 R. S. 725, § 27.) The death mentioned in the provision creating such estate necessarily refers to the time of his dying without issue, whenever he may happen to die, in the condition or under the circumstances expressed. (*Kelly*

v. *Kelly*, 5 Lans. 443, 448 ; 61 N. Y. 47 ; *Moore* v. *Lyons*, 25 Wend. 119 ; *Converse* v. *Kellogg*, 7 Barb. 590 ; *Livingston* v. *Greene*, 52 N. Y. 118, 124 ; *Embury* v. *Sheldon*, 68 id. 227 ; *Buel* v. *Southwick*, 70 id. 586 ; *Britton* v. *Thornton*, 112 U. S. 526, 532, 533 ; 3 Jarman on Wills, 590 [5th Am. ed., 1881, from 4th Lond. ed.] ; *Barnes* v. *Hathaway*, 66 Barb. 452, 455 ; *Hennessy* v. *Patterson*, 85 N. Y. 92, 101, 104, 105 ; *Foley* v. *Foley*, 17 Hun, 236, 238 ; *Kelso* v. *Lorillard*, 8 Daly, 300, 302 ; 85 N. Y. 177 ; *Sherman* v. *Sherman*, 3 Barb. 385 ; *Dumond* v. *Stringham*, 26 id. 105, 114, 115, 116, 117 ; *In re N. Y., L. & W. R. R. Co.*, 18 N. Y. Week. Dig. 211 ; *Denny* v. *Kettell*, 29 Alb. L. J. 57 ; *Hurlburt* v. *Emerson*, 16 Mass. 241 ; *Hawley* v. *Northampton*, 8 id. 3, 37 ; *Norris* v. *Beyea*, 13 N. Y. 273, 284, 285 ; *Taylor* v. *Dodd*, 2 T. & C. 92, 93.) The charge made of the payment of the legacies upon the devisee did not enlarge the estate of Cornelius to an absolute fee. (*Nellis* v. *Nellis*, 99 N. Y. 505 ; *Tanner* v. *Livingston*, 12 Wend. 83, 95 ; *Denn* v. *Slater*, 5 D. & E. 335, 337 ; *Doe* v. *Owens*, 1 Barn. & Adol. 318 ; *Doe* v. *Wright*, 2 id. 710 ; *Bowers* v. *Porter*, 4 Pick. 198, 204 ; *Lessee of Willis* v. *Bucher*, 4 Binn. 455, 464, 465 ; *Dixon* v. *Ramage*, 2 W. & S. 142, 144 ; *Spraker* v. *Van Alstyne*, 18 Wend. 200, 205 ; *Barheydt* v. *Barheydt*, 20 id. 576, 581 ; *Fox* v. *Phelps*, 17 id. 393, 400 ; *Mesick* v. *New*, 7 N. Y. 163, 165 ; *Harris* v. *Bible Soc.*, 4 Trans. App. 485, 492 ; *Dumond* v. *Stringham*, 26 Barb. 105, 110 ; *Cipperly* v. *Cipperly*, 40 How. Pr. 271 ; *Loder* v. *Hatfield*, 71 N. Y. 92, 97 ; *Van Dyke* v. *Emmons*, 34 id. 186 ; *Heard* v. *Horton*, 1 Denio, 165, 167 ; *Jackson* v. *Merrill*, 6 Johns. 185, 193.) The devise over to the grandchildren was void, because it was limited to take effect upon an indefinite failure of issue. (2 R. S. [6th ed.] 1102, § 22 ; *Sherman* v. *Sherman*, 3 Barb. 385 ; *Norris* v. *Beyea*, 13 N. Y. 274, 280 ; *Tyson* v. *Blake*, 22 id. 558, 563 ; *Rathbone* v. *Dykeman*, 3 Paige, 9, 80 ; *Coe* v. *De Witt*, 22 Hun, 428.)

Andrews, J. The sole question presented is whether Cornelius Vanderzee took under the will of his father, Har-

mon Vanderzee, an estate in fee-simple in the homestead farm, or a fee subject to a conditional limitation in favor of the four grandchildren of the testator, named in the will, in the event of the death of Cornelius without issue. The testator died in 1840. His son Cornelius entered under the devise and continued in possession of the farm until his death in 1876. The plaintiff Cornelius Vanderzee is one of the four grandchildren named in the will, and his right to maintain this action depends upon the nature and quality of the title which the testator's son Cornelius took under the will of his father. The will is brief, and is a will of real estate exclusively. The testator in the *first* clause directs that his debts and funeral charges shall be first paid out of his estate The *second* clause is as follows: "All my real estate as now in my actual possession, being my homestead farm, situate in the county of Albany, I devise to my son Cornelius, subject to the proviso hereinafter contained." The *third* clause directs that his wife, if she survive him, shall have an ample support from and out of the estate devised to Cornelius, during her life. The *fourth, fifth, sixth, seventh* and *eighth* clauses bequeath severally to his three daughters, his son Teunis, and his grandson, Harmon Slingerland, money legacies amounting in the aggregate to $1,700. The *ninth* and *tenth* clauses are as follows: "*Ninth.* The legacies above mentioned are to be paid to the legatees by my son Cornelius, in consideration of my devising unto him the aforementioned real estate, to be paid to them respectively within two years after my death. *Tenth.* In conclusion, my will is that if my son Cornelius dies without issue, that then the estate herein devised to him shall go to my grandchildren hereinafter named: Harmon T. Vanderzee, Cornelius T. Vanderzee, sons of my son Tunis; Harmon Slingerland, son of my daughter Elizabeth, deceased, and Harmon Houghtaling, son of my daughter Eve, share and share alike, and in case my son Cornelius should die before the provisions of this will become an act, the devisees last named shall perform and fulfill all the conditions required of my son Cornelius to the legatees named in this my will."

The whole question is whether the words, "if my son Cornelius dies without issue," in the *tenth* clause, refer to the event of his death before that of the testator, or to a death at any time, whether before or after the testator's death. If the former is the true meaning, the gift over to the grandchildren was substitutionary merely, depending on the contingency of the death of the primary devisee in the life-time of the testator, and designed to prevent a lapse, and upon that construction, Cornelius having survived the testator, the contingency upon which the grandchildren were to take, was gone, and Cornelius took an absolute fee. If on the other hand the words refer to a death at any time under the circumstances mentioned, then on the death of the testator, the grandchildren took a contingent interest under the will, by way of executory devise, which on the death of Cornelius without issue, was converted into a fee in them, thereby displacing and subverting the conditional fee before that time vested in Cornelius. It has been claimed indeed that the devise to Cornelius was of a life estate only, but this is, we think, an inadmissible construction of the devise. The devise was in terms of all the testator's real estate in possession, and the language is sufficient both at common law and under the statute, without words of inheritance, to embrace the fee (1 R. S. 748, § 1), and the gift over, in the event only of the death of Cornelius without issue, furnishes the strongest ground of implication that the testator intended to vest in Cornelius a title transmissible by descent to his issue.

It is said by Mr. Jarman (2 Jarm. on Wills, 752) to be an established rule that where a bequest is simply to one person, and in case of his death to another, the primary devisee surviving the testator, takes absolutely. This rule applies both to real and personal estate, and so far as I know the authorities in this country uniformly sustain the construction that where there is a devise or bequest *simpliciter*, to one person, and in case of his death, to another, the words refer to a death in the life-time of the testator. (*Moore* v. *Lyons*, 25 Wend. 119; *Kelly* v. *Kelly*, 61 N. Y. 47; *Briggs* v. *Shaw*, 9 Allen, 516; *Whitney* v. *Whitney*, 45 N. H. 311.) It is said in support

of this construction that as death, the most certain of all things, is not a contingent event, but the time only, the words of contingency in a devise of the character mentioned, can be satisfied, only by referring them to a death before a particular period, and as no other period is mentioned, it is necessarily presumed that the time referred to is the testator's own death. (See *Edwards* v. *Edwards*, 15 Beav. 357.) We think this construction, stands more strongly, in most cases at least, upon the probable intention of the testator. It prevents the disinheritance of a testator's posterity, which would often happen if a death of the primary legatee at any time, was held to be within the meaning of the devise. It may be safely assumed that where a will is dictated under the influence of family relations, it would seldom happen that a testator would intentionally cut off the issue of a son or daughter from taking the share of the parent in his estate, for the benefit of collateral objects.

There are cases of another class than the one mentioned, in which an alternative limitation, depending upon the death of a primary legatee or devisee, is also held to refer to a death in the life-time of the testator, although the cases are not within the reason upon which the construction in the class of cases first referred to, is supported. One of the cases of the second class is where a devise is made to A., and in case of his death without issue, or without children, or without leaving a lawful heir, then to B. It is manifest that the event on which the gift over is to take effect, is distinctly pointed out, and is uncertain and contingent, viz.: death without issue, etc., and it is not necessary in order to give effect to the words of contingency, to refer the death to one happening before the death of the testator. So also such a construction is not necessary to prevent the disinheritance of issue, for it is only in the event that there is no issue, that the gift over is to operate. It is said by Mr. Jarman (2 Jarm. 783) to be the general rule that where the context is silent, words referring to the death of the prior legatee, in connection with some collateral event, apply to the contingency happening as well after as before the

death of the testator. It will be observed that the rule as stated by the learned author relates to personal property and is deduced from the later English cases upon the construction of bequests of personalty, coupled with a contingency, which seem to have modified the earlier decisions. But where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, followed by a devise over in case of his death without issue, it has I think been uniformly held in England, and it is the rule supported by the preponderance of judicial authority in this country, that the words refer to a death without issue, in the life-time of the testator, and that the primary devisee surviving the testator, takes an absolute estate in fee-simple. (*Clayton* v. *Lowe*, 5 Barn. & Ald. 636; *Gee* v. *Mayor of Manchester*, 17 Adol. & Ell. [N. S.] 737; *Woodbourne* v. *Woodbourne*, 23 L. J. Ch. 336; *Doe* v. *Sparrow*, 13 East, 359; *Quackenboss* v. *Kingsland*, 102 N. Y. 128; *Livingston* v. *Greene*, 52 id. 118; *Embury* v. *Sheldon*, 68 id. 227; *Waugh's Appeal*, 78 Penn. St. 436; *Mickley's Appeal*, 92 id. 514. But see *Britton* v. *Thornton*, 112 U. S. 526.) The case of *Quackenboss* v. *Kingsland*, was that of a devise by the testator of the residue of the real and personal estate to "my son Daniel Kingsland, and to his heirs, but in case my son Daniel should die without lawful issue, I give and bequeath it to my remaining children, share and share alike," and it was held, in exact conformity with the decisions to which we have referred, that the words referred to the death of the primary devisee in the life-time of the testator. This rule of construction in this class of cases is founded in part upon the disinclination of the courts to cut down a fee once given, except upon clear words, but rests more upon authority and precedent than reason, for it is by no means certain that it was not the intention of the testator to control and provide for the ulterior devolution of the title, after it had been enjoyed during life by the primary devisee, in case he then died without issue, and such a construction would, it would seem, give effect more completely to the language used.

But the rule established by the courts applies only where the

context of the will is silent, and affords no indication of intention other than that disclosed by words of absolute gift, followed by a gift over in case of death, or of death without issue or other specified event. Indeed the tendency is to lay hold of slight circumstances in the will, to vary the construction and to give effect to the language according to its natural import. (*Buel* v. *Southwick*, 70 N. Y. 581; *Nellis* v. *Nellis*, 99 id. 505; *Hennesy* v. *Patterson*, 85 id. 91, 92.) In these and other cases which might be cited, the court found in the context indications of intention which took them out of the operation of the rule to which we have referred. We are of opinion that there are indications in the will, now before us, that the testator intended that the gift over to the grandchildren should take effect upon the death of his son Cornelius, without issue, at any time, either before or after his own death, and that the rule of construction which applies to the words "death without issue," when standing alone, does not apply to the will in question. The gift to Cornelius in the *second* clause of the will is made "subject to the proviso hereinafter contained." Reading this clause by itself, we should naturally expect to find in a subsequent part of the will some condition modifying in some contingency the estate given to Cornelius, and while the condition might, consistently with the language of the *second* clause, be either precedent or subsequent, the more natural meaning suggested by the words "subject to the proviso hereinafter mentioned," would be that the testator intended to subject the estate in the hands or possession of Cornelius, when he should take it under the will, to some condition. Looking then at the tenth clause, we find a condition or proviso which is that on the death of Cornelius without issue, the estate should go over to the grandchildren. This provision in the tenth clause, standing alone, would, according to the general rule of construction, be construed as referring to the death of Cornelius, without issue, during the testator's life. But construed in connection with the natural meaning of the *second* clause, there is color for a conclusion that it referred to a death either before or after the testator's. But more satisfactory evidence that the

testator referred to a death at any time, is found in the last paragraph of the tenth clause, which declares, " in case my son Cornelius should die before the provisions of this will become an act, the devisees last named (the grandchildren) shall perform and fulfill all the conditions required of my son Cornelius to the legatees named in this my will." It seems obvious that the duty imposed upon the grandchildren by this clause, was a duty to be discharged by reason of an omission or default of Cornelius to satisfy the legacies. If the object of this clause was simply to impose upon the grandchildren the duty of paying the legacies in case the alternative gift took effect by the death of Cornelius, without issue, in the life-time of the testator, so that thereby they became primary devisees, the testator would naturally have expressed his intention in simple and clear language, as by declaring in connection with the gift over, that the grandchildren should pay the legacies, or that they should take the land subject to their payment. The phrase " in case my son Cornelius should die before the provisions of this will become an act," is obscure. But it is to be observed that Cornelius had, by the terms of the *ninth* clause, two years in which to pay the legacies. The testator must be assumed to have had in mind two contingencies, (1) that Cornelius might die before him, without issue, or (2) after him, but within the two years, and before he had paid the legacies. The last paragraph of the *tenth* clause was inserted, we think, to provide for both contingencies, and the burden of paying the legacies was imposed upon the ulterior devisees, in case of the death of Cornelius either before the testator, or after his death and within the two years, in case the direction for their payment should then be unexecuted. If this is the fair construction of the clause, then it is clear that the words " death without issue," referred to a death at any time, because it is inconceivable that the testator could have intended that the grandchildren should pay the legacies, except in the event of their taking under the devise. The clause is not, that in case Cornelius dies before the will takes effect, then the grandchildren shall pay the legacies, but, " in case he dies before the pro-

visions of this will become an act," *i. e.*, before he shall have paid the legacies. The legacies were an equitable charge on the land. (*Harris* v. *Fly*, 7 Paige, 421, 422.) The fact that they were also personally charged on Cornelius does not, we think, require us to hold that he took a fee-simple. The circumstance that a devisee is personally charged with the payment of legacies, is a fact resorted to in doubtful cases, in aid of the construction of a devise, but is never decisive that a fee was given where a different intention is disclosed.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.