## ALEXANDER G. BLACK, PLAINTIFF, v. FRANCIS W. WILLIAMS, DEFENDANT.

*When the estate of a remainderman, dependent upon a life estate, vests on the testator's death — when a contingency, based upon the death of a devisee, refers to a death before that of the testator.*

Upon the hearing of a case, submitted upon an agreed statement of facts, it appeared that the right of the plaintiff to insist upon a specific performance of a contract for the conveyance of a lot of land depended upon the construction to be placed upon the will of Francois Fouqué, who was the owner of the land at the time of his decease, whose widow and son afterwards conveyed it to Frank Rudd, the plaintiff's grantor

The will contained provisions by which the testator gave and bequeathed to his wife a house and lot of ground in the city of New York, and directed that "she, my lawful wife, be the executrix of all my real estate, personal property and bank money, and that after her death the entire property, personal property, real estate and bank money should be given to my only son, Lewis Fouqué; and all the property will belong to him, without reserve, for him to dispose of as he wishes.

In case of the death of both my wife and son, and that my son should be without any legitimate family, my property, real estate, personal and bank money should go to my family, namely, the family of Francois Fouqué."

*Held*, that the testator intended to vest in his widow an estate for life, and that upon her death the son was vested with the use, possession and enjoyment of the property, as he previously had been vested with the title to the remainder, on the decease of the testator.

That the contingency of the death of the wife and son referred to in the will, was a death prior to the death of the testator.

That, as no restraint whatever was imposed by the testator upon either devisee restricting in any manner the power to dispose of the property, and as the widow was the owner of the life estate and the son of the remainder in fee, they were at liberty to sell the property, and by the conveyance which they made vested a good title to it in Rudd and his grantee.

*Van Horne* v. *Campbell* (100 N. Y., 287); followed; *Anderson* v. *Eden* (16 Johns., 382) distinguished.

CASE agreed upon and submitted pursuant to sections 1279 and 1280 of the Code of Civil Procedure.

*B. F. Blair*, for the plaintiff.

*Philip L. Wilson*, for the defendant.

DANIELS, J. :

The right of the plaintiff to insist upon a specific performance of the contract for the conveyance of the land referred to depends upon the construction to be placed upon the will of Francois Fouqué. He was the owner of the land at the time of his decease. His widow and son afterwards conveyed it to Frank Rudd, who, at a still later time, with his wife, conveyed the land to the plaintiff. The defendant objected to take the title from him under his contract of purchase, upon the ground that the will did not vest the testator's widow and son with the absolute title to the property. This will, so far as it contained directions pertinent for consideration in the decision of the case, is as follows : " After my death I give and bequeath to my wife Maria Catharina Louisa Fouqué, maiden name, Bengnies, whom I married in the city of Antwerp, Belgium, in the year eighteen hundred and sixty-four (1864), my house and lot of ground, situate in the city of New York, State and county of New York, on West Thirty-eighth street (38th st.), number two hundred and seven (207), and that she, my lawful wife, be the executrix of

all my real estate, personal property and bank money, and that, after her death, the entire property, personal property, real estate and bank money should be given to my only son Louis Fouqué, and all the property will belong to him without reserve, for him to dispose of as he wishes; in case of the death of both my wife and son, and that my son should be without any legitimate family, my property, real estate, personal and bank money should go to my family, namely, the family of Francois Fouqué." And, on behalf of the defendant, it has been objected in case the son mentioned in the will shall die without any legitimate family, that the property will then go to the family of the testator by way of executory devise.

But this objection seems not to be well founded, for by the will the testator intended to vest in his widow an estate for life. And after her right of occupancy and use should cease by her decease, then this son was vested with the use, possession and enjoyment of the property, as he previously had been with the title to the remainder. The will contains no language from which it can be inferred that the title devised to the son was dependent upon his decease without any legitimate family, after the decease of the testator himself. And where that is the form in which a devise may be made, then the contingency, or uncertainty, is that dependent upon the devisee dying within the lifetime of the testator. This was considered, and so held, to be the law in *Vanderzee* v. *Slingerland* (103 N. Y., 47), and so it was, also, in *Matter of New York, etc., Railway Company* (105 id., 89), where it was said that " It may be regarded as a settled rule of construction, that where there is a devise to one person in fee, and in case of his death to another, the contingency referred to is the death of the first named devisee during the lifetime of the testator. And that if such devisee survives the testator he take an absolute fee." (Id., 92.) And this rule was repeated and acted upon in *Quackenbos* v. *Kingsland* (102 N. Y., 128.) The case of *Britton* v. *Thornton* (112 U. S., 526), is not in its decision at variance with this principle. For there the contingency was dependent upon the devisee dying in her minority without lawful issue, which disclosed an intention on the part of the testator differing from that expressed in this and the other instances.

The will, it is true, was somewhat awkwardly expressed in pro-

viding for the devise to the son, in declaring that the property "should be given" to him. But this probably arose out of an imperfect use of the language by the testator who drew his own will. For the succeeding words employed indicate the intention to have been that this property should finally belong to the son absolutely and without reserve. There was no reason for postponing the vesting of the title to the time of the decease of the widow, for she was given no greater interest in the property than that of an estate for life. And it is not to be assumed, without some expression indicating the intention to have been different, that any greater interest was designed to be conferred upon her than that required for the existence of her life estate. Neither was there any object that could be accomplished in postponing the vesting of the title in the son subject to the life estate. And the general rule followed under these circumstances has been to hold the estate to vest at once in the ultimate devisee on the decease of the testator. (*Livingston* v. *Greene*, 52 N. Y., 118; *Ackerman* v. *Gorton*, 67 id., 63; *Searles* v. *Brace*, 19 Abb. N. C., 10, 14.)

And that it was the intention of the testator to vest in his son, in case he survived the former, the absolute title to this property is reasonably clear, for the declaration of his will was that "the entire property and all the property" should be given to his son, and "belong to him without reserve for him to dispose of as he wished." This right of absolute disposition distinguishes this case from that of *Anderson* v. *Eden* (16 Johns., 382), for there no such power of disposition was made for the devisee. And in *Van Horne* v. *Campbell* (100 N. Y., 287), where the cases were very fully considered, this power of disposition, for the benefit of the devisee, was considered to be sufficient to create an absolute fee in the person to whom the devise should be made. This decision is final and conclusive as to the rule. And even though it may not appear to be literally harmonious with all the other and preceding decisions, it is substantially so and certainly must be followed in the disposition of this case

No restraint whatever was imposed by the testator upon either devisee restricting in any manner their power to dispose of the property. And as the widow was the owner of the life estate, and this son of the remainder in fee, they were at liberty to sell the property,

and by the conveyance which they made vested a good title to it in Rudd, their grantee. At the time of the sale, therefore, the plaintiff, having previously acquired this title, was legally able to convey the property absolutely and beyond contingency to the defendant. And judgment to that effect should be directed in favor of the plaintiff, but as no agreement is contained in the case concerning the costs of the proceeding, it will be without costs.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment for plaintiff as directed in opinion, without costs.