### HARRIS *v.* STRODL.

(*Supreme Court, General Term, First Department.* July 18, 1890.)

1. WILLS—CONSTRUCTION—SURVIVORSHIP.

Testator devised all his property to his wife, to receive the rents and profits for life or until she should remarry, and directed that, should she remarry, all the estate should be sold, and one-third of the proceeds be paid to his widow, and the residue be divided equally between his children, the children of any child of testator who may have died to receive the amount which their parent would have been entitled to if living, and that, should his widow die without remarrying, then the estate should be divided between testator's children and the children of any child who may have died, as above. *Held,* that the substituted devise to the children of any deceased child of testator referred to the death of such child before the marriage or death of the widow, and not during testator's life-time, and a good title to such property could not be given during the life-time of the widow, before her remarriage.

2. VENDOR AND VENDEE—DEFECTIVE TITLE—RECOVERY OF EARNEST MONEY.

In an action to recover money paid on a land contract on the ground that the title was defective the tender of a good title at the trial nine months after it was to have been given will not defeat a recovery.

Appeal from special term, New York county.

Action by Sander Harris against John H. Strodl. There was judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Samuel J. Crooks,* for appellant. *David McClure,* for respondent.

BARTLETT, J. The plaintiff agreed to purchase of the defendant certain real property situated in Hester street, in the city of New York, and paid the defendant $1,000 on account of the purchase price. In the present action he has recovered the amount thus paid, and an additional sum of $224.10, expended in examining the title, on the ground that the title offered him by the defendant was not good and marketable. The only question discussed on the argument of this appeal was whether the title was such as a vendee ought to be compelled to accept. I agree with the learned judge at special term that it was not. The title comes through the will of one John George Vix, which provides—*First,* that the testator's wife, Salomea Vix, shall have and hold all his estate, to receive the rents, issues, and profits thereof, and apply the same as she shall see fit, during the term of her natural life, or until she shall

remarry; *secondly,* that, should she remarry, all his said estate, real and personal, shall be sold by his executors at public or private sale, and one-third of the proceeds paid to his wife, and the remaining two-thirds divided equally between his children, share and share alike, the children of any of the testator's children who may have died to receive the amount the parent would have been entitled to if living; and, *thirdly,* that should the testator's wife die without marrying again, then upon her death the estate shall be divided between the children, share and share alike, the children of any deceased child to receive the same proportion the parent would have received if living. A fourth article of the will gives the executors full power to sell and convey any and all of the testator's real estate whenever they may deem it best to do so, and upon such terms as they may think desirable. The widow is still living, and has not remarried. The testator left three children. Two of them are married, one having two children, and the other one child. The third child of the testator is unmarried. The widow and the three children of the testator, John George Vix, executed a conveyance of the property in question to the defendant on February 1, 1886. The contract by which the defendant undertook to convey the premises to the plaintiff was made on February 16, 1888, and provided for the delivery of the deed on or before the 15th of the following April. Upon the trial of the present action, and apparently for the purpose of obviating any objections then existing to the title, the defendant produced a deed from the executors to himself, dated back to February 1, 1886, but acknowledged in December, 1888, and January, 1889. In giving this deed the executors must have assumed to exercise the power of sale conferred upon them by the fourth article of the will. It seems quite clear that at the time he made his contract with the plaintiff, and at the time this action was commenced, the defendant had not acquired a good title. The substituted devise to the children of children of the testator, directed in the second and third articles of the will, refers to the death of his children before the remarriage or death of the testator's widow, not to the death of his children during the life-time of the testator. The rule which construes the term "in case of death" as referring to death in the life-time of the testator applies only where there is an absolute gift on the death of the devisee, for it is based on the principle that death is certain, and hence that, unless such death be restricted to some particular period, it cannot be a matter of contingency. See *Vanderzee* v. *Slingerland,* 103 N. Y. 47, 53, 8 N. E. Rep. 247. Here, if the children of the testator survive either the remarriage of the widow or her death, there is no substitution in the gift. Under this construction it is evident that until the remarriage or death of the widow it cannot be told whether the children of the testator or the children of such children will take the fee. It is true the remainder taken by the children of the testator is vested, under the definition given by our statutes, but it is subject to be divested by the death of any child leaving children prior to the remarriage or decease of the widow. This possibility of the estate being divested prevents a good title being given by the devisees. I think that the power of sale conferred upon the executors is good, but was exercised too late, so far as this case is concerned. After a delay lasting from April to January the defendant could not tender a deed which would operate as a bar to a valid cause of action then on trial. This offer should have been made promptly, not after the plaintiff had been compelled to abandon his bargain and seek redress by a lawsuit. The judgment was right, and should be affirmed. All concur.