(29 Misc. Rep. 714.)

LYONS et al. v. WEEKS et al. (five cases).

(Supreme Court, Trial Term, New York County. December 7, 1899.)

1. WILLS—VESTED REMAINDERS.

Where property is given to trustees for the benefit of a person during life, and upon the death of such beneficiary to others, the remainder-men take a vested remainder in fee, which is not defeated by the death of such remainder-men during the life of the beneficiary.

2. SAME—CONSTRUCTION OF WILL.

A testator devised a life interest in certain real estate to his son, the remainder to the son's wife and the son's children, naming them, share and share alike, "the issue of such as may have died to take the share to which his, her, or their parent would, if living, have been entitled." *Held*, that the plain import and intention of these words is that if, at the testator's death, any of the devisees were dead, the issue of such devisee or devisees should become substituted therefor.

Five actions by Alma B. Lyons and others, by guardian, against George W. Weeks, trustee under the will of Jacob Weeks, deceased, and others. Judgment for defendants.

Booraem, Hamilton & Beckett, for plaintiffs.

Jay & Candler, for defendants.

McADAM, J. These are ejectment suits brought by the infant children of Clara Louise Lyons against the trustee under her last will and testament and George W. Weeks, one of the trustees under the last will and testament of Jacob Weeks, deceased. By the third clause of the will of Jacob Weeks, he gave, devised, and bequeathed to his executors certain lots of ground in the city of New York, which are the subjects of these actions, "upon trust to collect the rents, profits, and income thereof during the life of my adopted son, Jacob Weeks Cornwell, son of John T. and Ann Cornwell, and, after expending therefrom such amount as they deem necessary to keep the said premises in good order and repair, and the property insured against loss and damage by fire, to pay the remainder of such rents, as and when collected, to my said adopted son, Jacob Weeks Cornwell, during his life. Upon his death, I give, devise, and bequeath the said lots of ground and buildings to Virginia Cornwell, wife of said Jacob Weeks Cornwell, Ida Van Cott, Clarissa Lyon, and Millard Filmore Cornwell, children of the said Jacob Weeks Cornwell, share and share alike, the issue of such as may have died to take the share to which his, her, or their parent would, if living, have been entitled." Jacob Weeks Cornwell, the life beneficiary, died in the city of New York on the 6th day of November, 1898. Prior to his death, Virginia Cornwell, his wife, and one of the devisees above named, died intestate in June, 1890, leaving, her surviving, three children, Ida Van Cott, Clarissa

Lyon (whose true name was Clara Louise Lyons), and Millard Fil-
more Cornwell, the other devisees above named. Clara Louise
Lyons died on the 17th day of October, 1892. By her will she de-
vised all her residuary estate to Charles H. Ostrander, as trustee,
for the benefit of her children, Alma, Harold, and Cornwell. The
plaintiffs claim in this action that the remainder given by the third
clause of the will of Jacob Weeks did not vest an estate in fee in
Clara Louise Lyons which was devisable and could pass under her
will, and insist that, upon the death of the said Jacob Weeks, what-
ever estate she took was subject to be devested in the event of her
death during the lifetime of her father, the life beneficiary; and
that, as such event happened, her children took the share which
she would have taken had she survived her father, and that they
(the children) became, upon the death of Jacob Weeks Cornwell,
the absolute owners of an undivided fourth part of the premises,
and entitled to the possession thereof. On May 9, 1881, when the
will was made, Jacob Weeks was about 80 years of age. He lived
but a short time thereafter, and his will was admitted to probate,
September 27, 1881.

It is undoubtedly a general rule of law that where property is
given to trustees for the benefit of a person during life, and upon
the death of such beneficiary to others, the remainder-men take a
vested remainder in fee, which is not defeated by the death of such
remainder-men during the life of the beneficiary. Mitchell v.
Knapp, 54 Hun, 500, 8 N. Y. Supp. 40; In re Mahan, 98 N. Y. 372;
Van Camp v. Fowler, 59 Hun, 311, 13 N. Y. Supp. 1; Livingston v.
Greene, 52 N. Y. 118; Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E.
241; In re Young, 145 N. Y. 535, 40 N. E. 226; Stokes v. Weston,
142 N. Y. 433, 37 N. E. 515; Nelson v. Russell, 135 N. Y. 137, 31
N. E. 1008; In re Murphy, 144 N. Y. 557, 39 N. E. 691; Benson v.
Corbin, 145 N. Y. 351, 40 N. E. 11; Miller v. Gilbert, 144 N. Y. 68,
38 N. E. 979; Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388; Bis-
son v. Railroad Co., 143 N. Y. 125, 38 N. E. 104; Sawyer v. Cubby,
146 N. Y. 192, 40 N. E. 869; In re Tompkin's Estate, 154 N. Y. 634,
49 N. E. 135. Mrs. Clara Louise Lyons being alive at the time of
the testator's death, and having in this manner become possessed,
under his will, of a vested remainder in the property in question,
it was alienable by her in the form of a conveyance by deed or
devise by will. She chose to make a will, and by it the title to the
property involved passed to persons other than the plaintiffs, who
have, in consequence, neither title nor right of possession. The
contention of the plaintiffs is that although Mrs. Lyons survived
the testator, Jacob Weeks, she took no title, because the life ten-
ant survived her, and that, on his death, the property vested in the
plaintiffs, under the words of the will of Jacob Weeks, that the is-
sue of such of the devisees as may have died are to take the share
to which the parent would, if living, have been entitled. The plain
import and intention of these words are that, if at the time of
Jacob Weeks' death any of the devisees were dead, the issue of
such devisee or devisees should become substituted therefor. The
testator did not mean to postpone the vesting of the estate until

the death of the life tenant, and it is only by holding that such a result was intended that the plaintiffs have any right or title to the property in question. The court, in Nelson v. Russell, 135 N. Y., at page 140, 31 N. E. 1009, said:

"The authorities are quite uniform that the words 'from and after,' used in a gift of remainder following a life estate, do not afford sufficient ground in themselves for adjudging that a remainder is contingent, and not vested, and, unless their meaning is enlarged by the context, they are regarded as defining the time of enjoyment simply, and not of vesting the title. Moore v. Lyons, 25 Wend. 119; Livingston v. Greene, 52 N. Y. 118; Rose v. Hill, 3 Burrows, 1882; Doe v. Prigg, 8 Barn. & C. 231. The presumption is that a testator intends that his dispositions are to take effect either in enjoyment or interest at the date of his death, and unless the language of the will, by fair construction, makes his gifts contingent, they will be regarded as vested. Words of survivorship and gifts over on the death of the primary beneficiary are construed, unless a contrary intention appears, as relating to the death of the testator. Vanderzee v. Slingerland, 103 N. Y. 55, 8 N. E. 247; In re New York, L. & W. Ry. Co., 105 N. Y. 92, 11 N. E. 492."

There is nothing on the face of the will of Jacobs Weeks showing that it was the intention of the testator that the enjoyment of the estate devised to the plaintiffs' mother should be postponed until the death of the life tenant, Jacob Weeks Cornwell, and depend upon her surviving him. For this reason, Flanagan v. Staples, 28 App. Div. 319, 51 N. Y. Supp. 10, and kindred cases cited by the plaintiffs, are inapplicable.

There must be judgment for the defendants.