(72 App. Div. 85.)

## In re GEISSLER.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

WILLS—CONSTRUCTION—ESTATE DEVISED.

> Under a will providing, "I give and bequeath to my beloved wife all my real and personal property, and, in case my wife should die before my child, then I desire to have all the property to go to the surviving child," where the wife and child were both living at testator's death the wife took the entire estate.

Appeal from surrogate's court, New York county.

Application for the settlement of the account of Louis Geissler as executor of the will of George Geissler. From so much of the decree as construes the will and decrees distribution (74 N. Y. Supp. 476), Katherina Geissler, widow of the decedent, appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Daniel P. Hays, for appellant.

Oscar W. Ehrhorn, for respondent.

LAUGHLIN, J. This appeal presents but a single question, and that relates to the construction of the will of George Geissler, deceased. The appellant is the widow of the testator, and she and his son, Adam, survived him, and they are both still living. On the judicial settlement of the accounts of the executor, the widow claimed indefeasible title to the entire estate; but the court decided that her title would be cut down to a life estate in the event that Adam survived her. The provision of the will upon which this question depends is as follows:

"After my lawful debts are paid, I give to my beloved wife all my real and personal property, and all money in bank or banks of said city of New York or elsewhere, and also from all benevolent societies, whenever I belong; and I further direct that after my death that my wife, Katherina Geissler, born Schramm, shall have all my property, both real and personal, aforesaid, and, in case my wife should die before my child, then I desire to have all the property to go to the surviving child."

This embraces the entire will, except the clause relating to the appointment of an executor. It will be observed that the testator first devised and bequeathed all his property, both real and personal, to his wife, not for life, but by appropriate language to transmit the entire estate. Where the absolute title and the fee are thus devised, the estate will not be deemed to be cut down to a life estate by any subsequent clause of the will, unless it be the clearly expressed intention of the testator to thus limit it. Washburn v. Cope, 144 N. Y. 287, 39 N. E. 388; Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241, 57 Am. Rep. 760; Roseboom v. Roseboom, 81 N. Y. 356; Banzar v. Banzar, 156 N. Y. 429, 51 N. E. 291; Clay v. Wood, 153 N. Y. 134, 47 N. E. 274. Here the testator has clearly shown an intention that in some contingency he desired to have the property go to his son. If this contingency be the death of the wife after surviving the testator and coming into possession of the property, it changes what would otherwise be an absolute title and fee into a life estate, and would therefore be quite inconsistent with the preceding provisions. If the contingency be the death of the wife during the lifetime of the testator, then all the provisions of the will are consistent and harmonious.

In the jurisprudence of this state two rules for the construction of wills are now well settled, and are clearly stated in Vanderzee v. Slingerland, 103 N. Y. 47, 8 N. E. 247, 57 Am. Rep. 701, as follows:

"It is said by Mr. Jarman (2 Jarm. Wills, 752) to be an established rule that where a bequest is simply to one person, and in case of his death to

another, the primary devisee, surviving the testator, takes absolutely. This rule applies both to real and personal estate, and, so far as I know, the authorities in this country uniformly sustain the construction that where there is a devise or bequest simpliciter to one person, and in case of his death to another, the words refer to a death in the lifetime of the testator. * * * There are cases of another class than the one mentioned, in which an alternative limitation, depending upon the death of a primary legatee or devisee, is also held to refer to a death in the lifetime of the testator, although the cases are not within the reason upon which the construction in the class of cases first referred to is supported. One of the cases of the second class is where a devise is made to A., and in case of his death without issue, or without children, or without leaving a lawful heir, then to B. * * * But the rule established by the courts applies only where the context of the will is silent, and affords no indication of intention, other than that disclosed by words of absolute gift, followed by a gift over in case of death, or of death without issue, or other specified event. Indeed, the tendency is to lay hold of slight circumstances in the will to vary the construction, and give effect to the language according to its natural import."

In applying these rules, it is, of course, to be borne in mind that:

"Where the testator's intention is concealed, and the context is silent, and circumstances are wanting to aid us, the application of such a general rule is proper enough, and safe; but where the courts can make out the testator's probable intention, and it can be carried into effect without violating any rule of law or statute, no general rule may arise above it." Mead v. Maben, 131 N. Y. 255, 261, 30 N. E. 98, 100.

In the case at bar we find nothing in the language employed in the will to indicate an intention on the part of the testator to limit his wife's interest to a life estate in case she survived him, but did not survive his child. We are of opinion, therefore, that the death of the wife contemplated by the will was her death during the lifetime of the testator, and consequently the widow took the entire estate, and Adam has no interest therein.

It follows, therefore, that the decree of the surrogate should be reversed, with costs, payable out of the estate, and a rehearing in the surrogate's court is ordered. All concur.