WEBEL v. KELLY.

(Supreme Court, Appellate Division, First Department.   March 9, 1906.)

WILLS—ESTATES CREATED—LIFE ESTATE.

Testator directed his executor to hold certain real estate in trust, and convey it to testator's son on his arrival at the age of 25, "to be held by him as follows;" and it was then provided that, if the son should die before testator, or die without issue, the property should go to testator's niece.   *Held*, that the son took a life estate in the property, with a remainder over to his issue, but, in the event that he died without issue, there was a limitation over by way of executory devise.

Appeal from Special Term, New York County.

Action by Bernard W. Webel against Frank A. Kelly.   From a judgment in favor of defendant, plaintiff appeals.   Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

William H. Klinker, for appellant.

August C. Nanz, for respondent.

INGRAHAM, J.   The action was for specific performance upon a contract for the sale of real property, by which the plaintiff agreed to sell to the defendant a certain piece of property in Forty-Third street, in the city of New York, of which property Henry Bernard Webel was seised at the time of his death.   He left a last will and testament, in which, after certain bequests, he provided:

"All the balance of my real estate including my house and lot No. 35 West 43rd Street [the property in question], I direct my executor to hold in trust and which I specifically direct shall not be sold during the life time of my said adopted son but that my executor collect all the rents, issues and profits thereof and after payment of taxes, assessments and other necessary expenses, I direct the same to be invested in the same manner and the interest devoted to the said purposes as above specified and payable in the same manner in point of time to my said adopted son after he shall arrive at the age of twenty-one years and until he shall arrive at the age of twenty-five years. Next, on the arrival of my said adopted son at the age of twenty-five years, I direct my said executor convey all my real estate I may so own unsold, and all securities and other property, moneys, principal and interest to my said adopted son, to be held by him as follows:

"Fourth. In case of my said adopted son departing this life before me or in case of his so departing this life after my death without leaving lawful issue, then I give all my property, real and personal and of every kind to my nephews Louis Webel and Charles Webel and my niece Caroline Webel, sons and daughter of my deceased brother, Lewis, to be owned by them equally, share and share alike, and to their children, per stirpes and not per capita and in case of the death of my said adopted son before the age of twenty-five years, without such issue, I hereby make it a part of the trust that my executor shall · see this last provision of my will carried into effect, and convey said property above named to my said nephews and niece."

The plaintiff was the adopted son of the testator. When he arrived at the age of 25 years, the executor and trustee conveyed the property to the plaintiff. The conveyance recited that it was by virtue of the power and authority to him given by the foregoing will, and conveys the estate that the testator had at the time of his decease and the estate which the trustee had power to convey or dispose of. The estate to which the adopted son would be entitled under this clause of the will was "to be held by him as follows"; that was, in case of his departing this life after the death of the testator without leaving lawful issue, the property was to go to the testator's nephews and niece. There was no general devise of the property to the plaintiff. His sole title to it was through a conveyance from the trustee, under the direction of the will, by which the trustee was directed to convey the property to the plaintiff upon his arrival at the age of 25 years, to be held by the plaintiff under this clause of the will. I am inclined to think that this gave to the plaintiff a life estate in the property, with remainder to his issue. The trustee made provision for the support of the plaintiff prior to his arrival at the age of 21 years. He then gives to the plaintiff the total income of the property while he is between 21 and 25 years of age. During that time the trustee is to remain in possession of the property, paying to the plaintiff the income. When he arrives at the age of 25 years, provision is made for a conveyance of the property by the trustee to the plaintiff, "to be held as follows"; and then comes the provision that, if the plaintiff should die before the testator, or after the death of the testator without lawful issue, there should be a remainder over. This remainder over is to happen in the event of the death of the plaintiff after the testator's death, and is not limited to his dying before he reaches the age of 25 years, as by the third clause the plaintiff would have no title to the property until he arrived at the age of 25 years, and the property so to be conveyed was thereafter to be held by the plaintiff as provided for in the fourth clause of the will. The evident intent of the testator was to provide that this property should go

to his adopted son (the plaintiff) and his children; but, if he left no children, then the property should go to his nephews and niece. I think, reading the third and fourth clauses together, that the plaintiff took a life estate in the property, with a remainder over to his issue; but, in the event that he died without issue, there was a limitation over by way of executory devise to his nephews and niece; that this was not dependent upon the plaintiff's dying without issue prior to his arriving at the age of 25 years, for such a contingency is provided for in the same clause of the will, as, in that event (namely, the death of the plaintiff before arriving at the age of 25 years), the testator directs that his executor shall enforce the provision, and convey the property to his nephews and niece. This intention is strengthened by the provision in the third clause of the will that the property should not be sold during the life of the plaintiff. It can be effectuated by holding that the plaintiff took a life estate in the property only.

This construction of the will is sustained by Vanderzee v. Slingerland, 103 N. Y. 47, 8 N. E. 247, 57 Am. Rep. 701. In that case the testator's son, Cornelius, entered into possession of the property under an express devise thereof contained in the will of the testator. By that will the testator provided that all of his real estate "I devise to my son, Cornelius, subject to the proviso hereinafter contained." The will then made certain charges upon the property, consisting of annuities to his wife, daughters, and grandchildren, and then provided: "In conclusion, my will is that if my son, Cornelius, dies without issue, that then the estate herein devised to him shall go to my grandchildren hereinafter named." It was held that this clause referred to the death of his son, Cornelius, after the death of the testator, that in that event, on the death of the testator the grandchildren took a contingent interest under the will by way of executory devise, which, on the death of Cornelius without issue, was converted into a fee in them, thereby displacing and subverting the conditional fee before that time vested in Cornelius.

I think, therefore, that the plaintiff could not give a good title to the property, and that the judgment should be affirmed, with costs.

O'BRIEN, P. J., and CLARKE, J., concur.

HOUGHTON, J. (concurring). I am of the opinion that the plaintiff has an absolute title to the premises in controversy. He was 13 years of age when his adopted father made the will in question. The dominant idea running through the will is that the plaintiff should be cared for by the executor named until he should arrive at the age of 25 years, and that, if he died prior to that time without issue, then that the property should go elsewhere. The will is inartificially drawn, and words are used quite regardless of their meaning. It is true that it provides that the premises No. 35 West Forty-Third street shall not be sold during the lifetime of the plaintiff, but following that provision, and in a new sentence beginning "Next," it is provided that:

"On the arrival of my said adopted son at the age of twenty-five years, I direct my said executor to convey all my real estate I may so own unsold, and all securities and other property, moneys, principal and interest, to my said adopted son, to be held by him as follows."

Little significance, it seems to me, should be given to the words "to be held by him as follows," for nothing follows as to the manner in which he shall hold, but only a further clause of the will, denominated "fourth." The direction to the executor to convey, of course, is equivalent to an absolute devise of the real estate and gift of securities. In the fourth clause it is provided that, in case the plaintiff shall die before the testator's death, "or in case of his so departing this life after my death, without lawful issue," then all real and personal property is given over to the children of a deceased brother. But directly following the statement that they shall so take per stirpes, and not per capita, is the language:

"And in case of the death of my said adopted son before the age of twenty-five years, without such issue, I hereby make it a part of the trust that my executor shall see this last provision of my will carried into effect, and convey said property above named to my said nephews and niece."

This language indicates that the testator meant that the property should so pass to his nephews and niece in case the plaintiff should die without issue before he arrived at the age of 25 years, and meant nothing more. The language last quoted is the last used by the testator on that subject, and is in accordance with the last provision of the third paragraph of the will.

It seems to me, too, that considerable significance should be given to the direction to the executor to "convey" to the nephews and niece. The executor was commanded to look after the property and pay the income to the plaintiff until he should arrive at the age of 25 years. The testator assumed that his executor, whom he also made testamentary guardian of the plaintiff, would live until that time arrived; but it is quite improbable that he also considered that his executor would outlive the plaintiff, and so be able to know whether he died without issue, and thereby be in position to convey the real property to the substituted devisees, and turn over to them the personal property which had originally come to his hands. The construction to be given to the will involves the title to the entire estate, as well as to the premises in question, and neither the executor of the will nor the substituted legatees are parties hereto. It would be much more satisfactory to construe the will in a direct proceeding for that purpose, in which all persons interested should be made parties, and be heard as to their respective rights. However, I agree that there is a doubt concerning the plaintiff's title, evidenced by the different views of the members of this court, and that the defendant ought not to be compelled to specifically perform, and therefore concur in an affirmance of the judgment.

McLAUGHLIN, J., concurs.