NICHOLAS QUACKENBOS, Executor, etc., Impleaded, etc., Appellant, v. SOPHIE KINGSLAND, Respondent.

The will of K., after certain specific devises and bequests, gave the residue of his estate to his son Daniel " and to his heirs; " then followed these words, " but in case my son Daniel should die without lawful issue, I give and bequeath it to my remaining children, share and share alike." Daniel survived the testator. *Held*, that, in the absence of other words in the will showing a contrary intent, the death referred to was a death of the beneficiary during the life-time of the testator; and that upon the death of the latter, Daniel took an absolute estate.

By a codicil the testator gave a specific bequest out of the residuary estate to his son James. *Held*, that this did not indicate an intent contrary to the construction above given.

*Douglass* v. *Chalmer* (2 Ves. Jr. 501), distinguished.

(Argued March 10, 1886; decided April 13, 1886.)

APPEAL from judgment of the General Term, of the Court of Common Pleas in and for the city and county of New York, entered upon an order made July 3, 1884, which reversed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term, and directed a judgment for the defendant.

The nature of the action and the material facts are stated in the opinion.

*Nicholas Quackenbos* and *George W. Lord* for appellant. Mrs. Leonard and Mrs. Schuyler, upon plain language of the will, took contingent remainders which were to vest in possession upon the death of Daniel, the younger, without issue, which interests were liable to be divested, if Daniel left issue, but which, in default of such issue, became absolute rights and interests, which were descendible, devisable and alienable in the same manner as estates in possession. (Fearne on Cont. Rem. [3d Am. ed. from Butler's Lond. ed.] *364, *552, *553 ; 1 R. S. 725, § 35 ; 773, § 2; 85 N. Y. 91, 101, 102, 104.) The devise over in case Daniel died without issue referred to his death after his father's decease, and upon the happening of

that contingency, his sisters took the absolute estate in posses. sion. (*Jackson* v. *Waldron*, 13 Wend. 178, 192; *Executors of Moffat*, 10 Johns. 12–16; *Anderson* v. *Jackson*, 16 id. 382; *Phillips* v. *Davies*, 92 N. Y. 199, 201, 204; *Bliven* v. *Seymour*, 88 id. 469, 476; *Pond* v. *Bergh*, 10 Paige, 140, 152; 1 Redf. on Wills, chap. 9, §§ 4, 433, 436; *Scott* v. *Gurnsey*, 48 N. Y. 106, 121; *Lord* v. *Harmoy*, 72 id. 408, 414.)

*Charles E. Miller* for respondent. Daniel Kingsland, the younger, having survived his father took an estate in fee. (*Clayton* v. *Lowe*, 5 Barn. & Ald. 636; *Rogers* v. *Rogers*, 7 W. R. 541; *Humphrey* v. *Hawes*, 1 R. & My. 639; *Rheeder* v. *Owen*, 3 B. C. C. 240; *Varley* v. *Winn*, 2 K. & J. 700; *Gee* v. *Mayor of Manchester*, 17 Q. B. 737; *Faharay* v. *Holsinger*, 65 Penn. St. 388; *Caldwell* v. *Skilton*, 13 id. 152; *Biddle's Estate*, 28 id. 59; *Schoonmaker* v. *Stockton*, 37 id. 461; *Shutt* v. *Rambo*, 57 id. 151; *Gibson* v. *Walker*, 20 N. Y. 476; *Downing* v. *Marshall*, 23 id. 366; *Ware* v. *Watson*, 7 D., M. & G. 248; *Converse* v. *Kellogg*, 7 Barb 590; *Livingston* v. *Green et al.*, 52 N. Y. 118–124; *McLoughlin* v. *Maher*, 17 Hun, 215; *Kelly* v. *Kelly*, 61 N. Y. 47; *Embury* v. *Sheldon*, 68 id. 227; *Lawfield* v. *Stoneman*, 2 Strange, 1262.) The devise over in case of Daniel Kingsland's death with lawful issue, if it refer to his death after his father, is an executory devise. (*Jackson* v. *Waldron*, 13 Wend. 178, 192.) In case of an executory devise the words "without lawful issue" refer to an indefinite failure of issue, and not to want of issue living at the death of the ancestor. (*Executor of Moffat* v. *Strong*, 10 Johns. 12–16; *Anderson* v. *Jackson*, 16 id. 382.) In such case the limitation over is void as being too remote. (4 Kent's Com. 274.)

DANFORTH, J. The plaintiffs Jane and Hannah are children, and the other plaintiffs grandchildren of Daniel Kingsland the elder. They brought this action against Sophie Kingsland, the widow of Daniel Kingsland the younger, who was a son of Daniel Kingsland the elder, to recover certain property theretofore given to her by him, but which, as they stated, belonged

to the estate of Kingsland the elder, and to which they claimed to be entitled as devisees under his will. They succeeded at the Special Term, but on appeal to the General Term, the judgment in their favor was reversed and their complaint dismissed upon the sole ground, as stated in the order of reversal, " that they took no interest under that will." The testator, Daniel Kingsland the elder, died April 18, 1844; he left surviving, the two daughters above named, his son Daniel and his son Thorn. The will was admitted to probate May 3, 1844, and then died first Thorn, leaving four children, viz.: the plaintiffs Daniel C., Charles S., Louisa and James S.; afterward and on the 30th of September, 1881, died Daniel Kingsland the younger. The . will of Kingsland the elder, after certain specific devises and legacies, provided as follows: " All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath unto my son Daniel Kingsland, and to his heirs; but in case my son Daniel should die without lawful issue, I give and bequeath it to my remaining children, share and share alike." By codicil a specific bequest was given out of the residue of personal estate, to James S. Kingsland, but the question upon this appeal is unaffected by it, and turns upon the true construction of the residuary clause above set out. Upon the case made by the pleadings and findings of the trial court, that question was, whether Daniel Kingsland the younger took the residue of his father's estate absolutely. To answer it we must look for the intention of the testator, and that seems plain upon the language employed by him. It gives the remainder of his estate to his " son Daniel Kingsland and to his heirs." So far absolutely, but as this interest could not vest until his death, the testator, to provide against the consequences of a lapse, says: " In case my son Daniel should die without lawful issue," I give the estate to my remaining children. These words we must hold, upon principle and authority, relate to the death of the testator, and upon that event during the lifetime of Daniel Kingsland, Jr., the latter became vested with the residuary estate and was entitled to its possession. This conclusion is required by the decisions of the courts in many

similar cases. (*Embury* v. *Sheldon*, 68 N. Y. 227; *Livingston* v. *Greene*, 52 id. 118.) Indeed the argument of the learned counsel for the appellant seems to concede that the words of the testator, taken in their legal sense, permit no other result, and his contention is that their meaning may be modified or changed by other provisions in the will, showing a different intent. No doubt the whole will is to be looked at as containing the intent of the testator, and one part may be made to give way to some other controlling provision (*Hoppock* v. *Tucker*, 59 N. Y. 202), but here we find nothing to warrant a presumption against the legal meaning of the words used in the residuary clause. The testator by his will, *first*, sets apart a certain. sum· of money in the hands of his executors, the interest of which is to be paid to his son Thorn " during his natural life;" *second*, gives to his daughter Jane a sum of money and a certain house and lot " for and during her natural life;" *third*, the same amount of money and a house and lot to his daughter Hannah " for and during her natural life." . He provides also for his grandchildren an estate *in presenti*, in a certain farm, but in the event of their death he adds: " then I give and bequeath the said farm to my son Daniel, his heirs and assigns."

The same language is used in reference to the above bequest to Thorn; if he dies " without having a child living, or lawful issue of them, *then* and in such case," it goes to Daniel, in these instances bestowing by fit words the use or interest upon the parents, and the capital upon the children or others, clearly limiting the property in succession; but when the testator speaks in the residuary clause, he uses no such words of qualification or limitation, no words indicating a life estate. He does not give the residue of his estate to his son Daniel " for and during his natural ·life," with remainder over to his children, if any, but unto him and " to his heirs." This difference in language indicates a different purpose, and supports the interpretation already given to it.

It should also be observed that under the appellants' construction, Daniel could take nothing unless a child was born to him, for their contention is that by reason of. his death, although

after that of the testator, the whole residuary estate belonged to them, and he is not otherwise directly provided for. We find nowhere in the will any evidence of a purpose to declare such result, nor any words restricting the right of Daniel, the son, to enjoy as his own, and dispose of as he thought proper, the entire residue of the estate of Daniel Kingsland the elder. Did the testator have in view the death of Daniel, with a failure of issue, at any period, however remote? Then he may be presumed to have considered that while Daniel's death at some time was certain, the contingency of issue could be determined only by that death, and we may assume he would have provided for the care and custody, if not the enjoyment of the residuary estate during that time, which we now see was extended to nearly forty years. Yet no life estate or other interest is given to any one. An authority upon the language of one will furnishes little aid toward the construction of another, and the cases cited by the appellant are no exception. Thus *Douglass* v. *Chalmer* (2 Ves. Jr. 501) is referred to in support of the position that the words already quoted from the codicil indicate an understanding, on the part of the testator, that the residuary devise was not absolute. In the case cited, the devise of the residue was to a daughter, and afterward by codicil, the testatrix in terms gave to that daughter a diamond ring which formed part of the residue. This specific bequest was held to be inconsistent with an intention to make an absolute gift to the same person through the residuary clause, but intelligible and natural if the residue was given for life only.

In the case at bar the codicil takes away from the residuary legatee, and indicates nothing but an intent on the testator's part to bestow so much of his bounty upon another beneficiary. Nor do the cases cited upon the principal question raise any doubt that, under the language of this will, the contingency of death was death of the legatee during the life-time of the testator, and as that did not occur, the plaintiffs took nothing under the will.

The judgment of the Supreme Court was upon that exposition and should, therefore, be affirmed.

All concur.

Judgment affirmed.