<hr />

57  161
61  532

PLYMOUTH SOCIETY OF MILFORD, PLAINTIFF, *v.* MARY C. HEPBURN, AS EXECUTRIX, ETC., DEFENDANT.

*Bequest — when its vesting is postponed to the time of the termination of a prior estate.*

A testator, by his will, gave the rents, etc., of his estate, real and personal, to his widow and son during their joint lives, and to the survivor, and further provided as follows: "Upon the decease of my said wife and son, he not leaving lawful issue them surviving, I authorize and empower the then executor or executors hereof" to sell and convey the real estate belonging to said estate. The will further provided: "Upon the decease of my said wife and son, he not leaving lawful issue them both surviving, as aforesaid, I give and bequeath my estate, and the proceeds and sales of my real estate, as aforesaid, as follows: * * * The sum of one thousand dollars to the Second Congregational Society of the town of Milford, in the State of Connecticut, to be by said society placed and forever kept out at interest for the purposes following" — the interest to

be applied to keeping in order a burying lot owned by the testator, and the excess, if any, to be applied to the salary of the minister.

The said society was disqualified from taking this legacy at the time of the testator's death, but subsequently, and before the death of the survivor of the life tenants, became authorized by statute to take the bequest.

*Held,* that, under the provisions of the will, the bequest to the corporation did not vest until the death of the survivor of the wife and son; that there was no intention to make an immediate bequest to the corporation, to take effect *in præsenti.*

A CASE submitted without controversy, upon an agreed statement of facts, under section 1279 of the Code of Civil Procedure.

The submission was made for the purpose of obtaining a construction upon the provisions of the last will and testament of David Hepburn, formerly of the city of New York.

*Horace Barnard,* for the plaintiff.

*J. C. O'Connor, Jr.,* for the defendant.

VAN BRUNT, P. J.:

It appears that David Hepburn departed this life in the city of New York in the year 1845, leaving a last will and testament which was duly admitted to probate by the surrogate of the county of New York in 1846, and letters testamentary were duly issued thereon to Susan Hepburn, the wife of the testator. The testator died leaving him surviving his widow, who died in March, 1889, and his son George Mix Hepburn, who died without issue in March, 1885. Subsequently the defendant Mary C. Hepburn was appointed administratrix with the will annexed.

By his will the said David Hepburn gave the rents, income and profits of all his estate, real and personal, to his widow and son equally to be divided between them during their joint lives, the survivor to take the whole of such income; and upon the decease of his wife and son, he leaving lawful issue surviving the survivor, the testator gave, devised and bequeathed all his estate to such issue; and upon the decease of his wife and son, he not leaving lawful issue them surviving, he authorized and empowered his executor or executors, the survivor or survivors of them, to sell and dispose of all his real estate, etc.

The testator further provided as follows: "Upon the decease of my said wife and son, he not leaving lawful issue them both sur-

viving as aforesaid, I give and bequeath my estate and the proceeds and sales of my real estate as aforesaid as follows, that is to say : "

He then gave a legacy of $500 to his mother-in-law, and then follows the clause which forms the subject of dispute in this action :

" *Eighth.* I give and bequeath the sum of one thousand dollars to the Second Congregational Society of the town of Milford, in the State of Connecticut, to be by said society. placed and forever kept out at interest for the purposes following, that is to say, from out of such interest-money to keep the burying lot owned by me, situate in said Milford, in repair by painting the iron fence surrounding the same black once in each year, and forthwith, from time to time, as often as may be necessary, to repair said fence, the monument thereby inclosed, and keep said lot and all things appertaining thereto at all times in good repair, order and condition, and cause to be made or cut on said monument suitable inscriptions relative to my own decease, the decease of my said wife and son — that is, of such of us as shall be there interred, and pay and apply the balance of such interest-money towards discharging the salary of their minister for the time being."

The plaintiff, a Connecticut corporation, having accepted this legacy and demanded the same, the administratrix has declined to pay the same upon the ground, first, that the legacy was void; second, that the plaintiff was not qualified to take, and third, that the claim was barred by the statute of limitations.

It seems to be conceded that, at the time of the death of the testator, the plaintiff had not the capacity to take. But it appears that subsequently, and before the death of the survivor of the life tenants in the year 1885, the statutes of Connecticut were so amended as to enable the plaintiff to take.

One of the questions, therefore, presented is, whether the vesting of the legacy was, by the will, postponed until after the death of the survivor of the life tenants. We think that it was so postponed, and that no interest vested until the death of the survivor of the life tenants, and that such was the intention of the testator.

It is to be observed that in every instance where he speaks of the happening of an event upon which depends a bequest, there is no devise until the happening of the event. He does not give a remainder over under any circumstances, but he says upon the

decease of my wife and son I then give, etc. This is the language used when he is speaking about his son leaving lawful issue, and such issue must survive both the son and the wife before any interest is devised. As has been observed, the testator says: "Upon the decease of my said wife and of my said son, he leaving lawful issue both him and her surviving, I then give, devise and bequeath all my estate  *   *   *   unto such issue."

This same idea is carried out where the testator deals with the possibility of his son and wife dying, his son not leaving issue both surviving. "Upon the decease of my said wife and son, he not leaving lawful issue them surviving, I authorize and empower the then executor or executors hereof  *   *   *   to sell," etc. And subsequently he says: "Upon the decease of my said wife and son, he not leaving lawful issue them both surviving, as aforesaid, I give and bequeath my estate, and the proceeds and sales of my real estate as aforesaid as follows:" Showing that it was his intention that the bequest should come into effect upon the happening of the contingency of the death of his wife and son, his son not leaving issue both surviving, and there was no devise before that, bringing the character of the bequest within the definition of an executory devise as they were understood to be before the passage of our Revised Statutes where contingent remainders and executory devises were blended into one.

This is illustrated by the case of *Burrill* v. *Boardman* (43 N. Y., 258), where the devise was supported as an executory devise. And the rule is laid down that when it appears from the will that the donee is to come into being in the future, or to become qualified to take upon the happening of some future event, a present bequest will not be presumed, nor unless there is not the least circumstance from which to collect the testator's intention of anything else than an immediate devise to take effect *in præsenti.*

In the case at bar, as already stated, the plain intention of the testator was that the power to take should depend upon the happening of a future event, and that there was no intention to make an immediate devise to take effect *in præsenti.*

Under these circumstances, then, if at the time of the happening of the event the plaintiff had capacity to take, the gift then went into effect according to the intention of the testator.

In this view it is clear that the statute of limitations cannot apply. And it is difficult to see how it could apply in any case, because the right of possession certainly did not arise until the death of the survivor of the life tenants, and until there was a right of possession on the part of a legatee he has no claim upon the executor which he can enforce.

Therefore, the statute of limitations does not run. The plaintiff seems, therefore, to be entitled to judgment.

Brady, J., concurred.

Daniels, J.:

Before the time arrived for the directions concerning the legacy to take effect, and in the year 1885, a statute of the State of Connecticut was enacted, sustaining legacies for the preservation, care and maintenance of cemetery lots and monuments thereon. This statute has since been in force, and it comprehends this case, inasmuch as the testator's widow did not depart this life until the year 1889. And by a still preceding law, a legacy for the maintenance of the ministry of the Gospel had also been sanctioned. In both of its objects, the directions of this testator had been anticipated by the laws of the State of Connecticut where the society existed for which the legacy was provided. And the plaintiff, for these reasons and those mentioned by the presiding justice, is entitled to recover it.

Judgment for plaintiff.