## JENNY NELSON, PLAINTIFF, *v.* JAMES RUSSELL AND OTHERS, DEFENDANTS.

*Remainder given by a will — when it vests — when the death intended is a death after, and not before, the testator's decease.*

Upon the submission of a controversy without action it appeared that the right of the defendants to convey certain premises depended upon a devise contained in a will, by which the testator gave to his two daughters, for life, two houses, and from and after their death, and the death of each, he gave one house to one James Russell, and the other to James and Ellen Barry, equally. One daughter having died subsequent to the date of the testator's death, the remaindermen and the living daughter contracted to sell the houses to one Nelson, who, however, refused to accept their conveyance.

*Held,* that the remaindermen and surviving daughter could not give a good title to the premises.

That, in the absence of any language in the will indicating the purpose of the testator that said remainders should vest at his decease, the language used must be taken literally, *i. e.,* to mean that the remainders should vest only upon the death of both of said daughters, whenever the same should occur, and must not be taken to mean their death during the testator's lifetime.

The rule of construction that where a present devise is unqualifiedly made depending upon the decease of the devisee, the decease contemplated is to take place in the lifetime of the testator, is not favored in the law, and courts will lay hold of slight circumstances to avoid it.

FIRST DEPARTMENT, NOVEMBER TERM, 1891.

SUBMISSION of a controversy upon an agreed state of facts, under section 1279 of the Code of Civil Procedure, between Jenny Nelson, plaintiff, and James Russell, Bridget Russell, James Barry and Ellen Barry, defendants.

The question presented related to the title to certain real estate which was devised by the will of David Barry, who died May 22, 1883, seized thereof. Catharine Barry, one of the devisees, to whom a life estate in said real property was left by the will, died in September, 1890.

*Drachman & Nelson,* for the plaintiff.

*Thomas F. Magner,* for the defendants.

DANIELS, J.:

The defendants on the 7th of March, 1890, entered into an agreement with the plaintiff, by which they agreed to convey to her two parcels of land, with the buildings and improvements thereon, situated on the north side of Cherry street, known as Nos. 356 and 358, in the city of New York, for the contract-price of $15,250. They tendered to the plaintiff a deed in form conveying the premises, which she refused to accept for the reason that the title was regarded as defective. By the terms of the contract she became bound to pay the sum of $500 in cash on its execution, and that sum was, in fact, paid. She also paid the sum of $100 for commissions on the purchase and examination of the title to the property. And the claim on her part is that she is entitled to recover these sums of money from the vendors in the contract, together with the interest thereon.

They have derived whatever title they may have in the property proposed to be conveyed, under the will of David Barry. And whether this will has vested them with the title to these two parcels of land, is the point upon which the rights of the parties have been made to depend. By this will the testator, after having provided for the payment of his debts and a legacy of $500, gave and devised unto his daughter Ellen Magner all his property situated in the city of Brooklyn for and during the term of her natural life. And after her decease he gave and bequeathed the property to her surviving children, to be divided equally between them and their heirs, share

and share alike, the child or children of the deceased child taking the share which his, her or their parents would have taken if living. This devise was followed by the devise of the property whose title is now in controversy. It was made by the third subdivision of the testator's will. And this subdivision is in the following language :

"I give and devise unto my beloved daughters, Catharine Barry and Bridget Russell, all my real property in the city of New York, and known as Nos. 356 and 358 Cherry street, and the rents, issues and profits thereof for and during the term of their natural lives, and from and after the decease of my said daughters, Catherine Barry and Bridget Russell, and each of them, I give and bequeath the said premises No. 356 Cherry street, to James Russell, the son of my said daughter Bridget Russell, and upon the like events I give and bequeath the said premises No. 358 Cherry street to James Barry and Ellen Barry, the children of my son, Michael Barry, now deceased, to be divided equally between them and their heirs, share and share alike, the child or children of a deceased child taking the share which his, her or their parent would have taken if living."

By the next paragraph of the will he gave the rest, residue and remainder of his estate to his daughter Catherine, subject to the payment of the legacy mentioned of $500. There is no provision, therefore, in the will affecting the title to this real estate except the directions contained in the third paragraph, which has already been extracted. And the question arises whether, under that paragraph of the will, the defendants in this case were in a position in which they could convey to the plaintiff the title to these lots. Catherine Barry, one of the devisees for life, is deceased. But Bridget Russell, the other of the testator's daughters, is still living. And so are James Barry and Ellen Barry, the children of the son of the testator, Michael Barry. If the remainder created by this part of the will vested in James Russell and James and Ellen Barry at the time of the decease of the testator, then a legal title to the property was capable of being conveyed by the deed tendered to the plaintiff. But if the remainders in these parcels of land will not vest until the decease of the life tenants, then it is conceded that such a title would not be conveyed by the deed as the plaintiff was entitled to receive under the contract.

There was no devise of these remainders by the will expressly or

impliedly required to take effect upon the decease of the testator. But the devise which was made was from and after the decease of the testator's two daughters, Catherine Barry and Bridget Russell, who were made the life tenants of the property. Then, for the first time, was any interest or estate given to these persons in remainder in these parcels of land. But it has been insisted on behalf of the defendants, notwithstanding this language creating the estates in remainder only from and after the decease of the testator's daughters, that these remainders vested in their children at the decease of the testator. And the case of *Livingston* v. *Greene* (52 N. Y., 118) is relied upon as requiring that construction to be given to this portion of the testator's will. And to a certain extent, at least, it sustains this position. But there the will contained other provisions indicating the purpose of the testator to be that the estate created, and then in controversy, should vest at the time of the decease of the testator. But the present case contains no other or further provision than the devise from and after the decease of the daughters, the life tenants. That is the event upon which the devise was made, and intended to take effect. In this respect a very clear distinction also exists between this devise and the will which was in controversy in *Freeman* v. *Coit* (96 N. Y., 63). And this distinguishing circumstance appears to require a different construction to be placed upon the will from that which is supported by these two authorities. The rule undoubtedly is, where a present devise is unqualifiedly made by the testator depending upon the decease of the devisee, that the decease contemplated is to take place in the lifetime of the testator. But in *Vanderzee* v. *Slingerland* (103 N. Y., 47), it was said that this rule "applies only where the context of the will is silent, and affords no indication of intention other than that disclosed by words of absolute gift, followed by a gift over in case of death, or of death without issue, or other specified event." (Id., 55, 56.)

The present case is not within this rule, for no gift or devise of the property has been made in remainder other than from and after the decease of the testator's daughters. And, in the case just referred to, it was added, that "The tendency is to lay hold of slight circumstances in the will to vary the construction, and to give effect to the language according to its natural import." (Id., 56.) And

the manner in which this devise has been made is a circumstance excluding this case from the general principle which has already been mentioned. Similar language was considered and construed in *Delafield* v. *Shipman* (103 N. Y., 463). There the testator directed, upon the decease of his wife, that his executors and trustees should make an equal division of his whole estate, not specifically otherwise disposed of, among his children then living. And this was held to be sufficient to exclude the case from the application of the principle already stated, which would otherwise have been accepted as controlling. The same conclusions substantially were maintained in *Matter of New York, Lackawanna and Western Railway Company* (105 N. Y., 89), where the language was still broader than that contained in this paragraph of the testator's will. And in *Shipman* v. *Rollins* (98 N. Y., 311), the vesting of the remainder contingently given was held to be postponed to the time of the decease of the life tenant. The language there, in its import and effect, was very similar to that contained in this will. It was "then," upon the decease of the life tenant, that the testator directed the division of his property to be made, while here the remainder is to take effect from and after the decease of the daughters. And *Nellis* v. *Nellis* (99 N. Y., 505), and *Buel* v. *Southwick* (70 id., 581), are authorities proceeding in the same direction. And so, also, is the case of *Matter of Maben* (32 N. Y. St. Rep., 790). Still more similar language was considered in *Plymouth Society, etc.,* v. *Hepburn* (57 Hun, 161), where it was concluded that a bequest made in this manner did not vest until the time of the decease of the persons upon whose lives its disposition depended. And *Camp* v. *Cronkright* (13 N. Y. Supp., 307), is directly to the same effect.

A large number of other authorities have been cited in the case which are not required to be considered, for these are decisive of the question at issue between these parties; and they require this paragraph of the testator's will to be so construed as to withhold the vesting of the remainder in these parcels of land to the time of the decease of the testator's daughters, to whom the life estates were given, and then only to become vested in the son and daughters of the life tenants by their surviving those individuals; and in case either shall then be deceased the remainder will vest in the children

of the deceased child; or if there be no such child or children, then, by the residuary clause of the will, the estate must pass to the testator's daughter therein mentioned; and the result, therefore, is that the deed which was tendered to the plaintiff would not convey to her such a title as she was entitled to receive by way of performing the contract.

Judgment should accordingly be directed in her favor for the recovery of the sum of $500 paid by her upon the contract, with interest thereon, and the additional sum of $100 paid for commissions, with interest from the 7th of March, 1891, and for the costs of this proceeding.

Lambert, J., concurred.

Judgment for plaintiff as directed in opinion, with costs of this proceeding.