*In re* ODELL'S ESTATE.

(*Surrogate's Court, Westchester County, Filed March*, 1893.)

WILL—CONSTRUCTION.

> A testatrix bequeathed a portion of her estate upon trust to pay the income to her nephew William for life, and upon his decease to pay the principal to his daughter Ella should she survive him, but in the event of her decease without issue her surviving, "subject to the trust hereby created," the principal was to be paid to her two nieces and a grandnephew. *Held*, that the time of the death of Ella referred to her death without issue pending the trust, that is, during her father's lifetime, and as she had survived him, and the trust was therefore ended, she was entitled to the principal absolutely.

Proceeding to construe the following clause of the will of Ophelia P. Odell, deceased.

"Eleventh. I give, devise and bequeath unto my executor hereinafter named one undivided one-fourteenth part or portion of my estate in trust, nevertheless, to collect, receive, and invest the same, and out of the rents and proceeds thereof to pay over the interest and income thereof to my nephew William P. Slater for and during the period of his natural life; and upon his decease I give, devise and bequeath said one-fourteenth part or portion of my said estate unto Ella Slater, daughter of my said nephew, William P. Slater, should she survive him; to have and to hold the same to her, her heirs and assigns, forever. In the event, however, of the decease of the said Ella Slater without issue her surviving, subject to the trust hereby created I give, devise and bequeath such undivided one-fourteenth part or portion unto my said nieces Emma Caswell, Caroline Smith and Ophelia Weeks, share and share alike; to have and to hold the same unto them and each of them, and to their heirs and assigns, forever."

Mitchell Levy, for executors; Calvin Frost, for Charles J. Smith, general guardian of Ella Slater; Thomas J. Purdy, for Caroline Smith, etc.

COFFIN, S.—The question to be determined is whether the

one-fourteenth part of the estate of which William P. Slater had the use for life now belongs to his daughter, Ella, sometimes called Mary Ella, absolutely, or to the executors to hold until it shall be determined whether she shall die without issue; in other words, whether it shall be decreed to be paid to her general guardian or to be retained by the executors.   Counsel have, in their briefs submitted, discussed the question, among other things, as to whether the time of the death of Ella Slater referred to her death without issue during the lifetime of the testatrix or subsequent thereto.   The learned counsel for the general guardian has cited many authorities to sustain the affirmative of the proposition, and, among others, the cases of Livingston v. Greene, 52 N. Y. 118, and Quackenboss v. Kingsland, 102 N. Y. 128, 6 N. E. Rep. 121, which appear to sustain that view.   In behalf of the claim of Caroline Smith and others, their counsel has cited some decisions of courts of other States, to which access has not been had, as supporting that claim.   Not much consideration has been given to this question, for the reason that the matter is determinable upon another ground, taken on behalf of the general guardian, which seems quite unanswerable.   In construing wills it is well stated that the intention of the testator, when discoverable, must control.   Here that intention, gathered from the will itself, appears to be perfectly plain. The use of the share is given to Ella's father for life, with remainder to her absolutely; but, should she die without issue pending the trust—in other words, while he was alive, then to Caroline Smith and others, subject to the same trust.   But Ella has not died without issue subject to the trust, nor can she, seeing that the trust no longer exists; so that the distribution of this fourteenth among the other three is impossible of accomplishment.   It was given to Ella absolutely if she survived her father, the *cestui que trust,* but, in case she died without issue during his lifetime, it should go to the others at his death.   But he is dead.   The trust is ended.   Ella survives, and she takes the share absolutely.   Such is in accordance with the plain intention of the testatrix.   The decree will direct that the share be paid to her guardian on his filing the usual bond.