(97 App. Div. 228.)

## SMITH v. HULL.

(Supreme Court, Appellate Division, Second Department. September 29, 1904.)

1. WILLS—CONSTRUCTION—ESTATE DEVISED—FEE SIMPLE.
    Where a will devised testator's house and lot to S., and recited that,
    if S. died without issue alive, then the house and lot should be sold, and
    the proceeds divided, etc., the condition referred only to the devisee's
    death without issue in the lifetime of the testator, and hence the devisee,
    having survived the testator, acquired a fee in the property devised.

Submission of controversy between Anna M. Smith and Richard
R. Hull as to the construction of the will of John Collett Roake,
deceased. Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and BARTLETT,
WOODWARD, JENKS, and HOOKER, JJ.

Franklin Couch, for plaintiff.
William F. Timm, for defendant.

HOOKER, J. In this submission of controversy upon agreed
facts the only question presented for our consideration is whether
the plaintiff obtained, under the will of John Collett Roake, a fee
simple absolute or a base or conditional fee, defeasible in the event
of plaintiff's dying without issue living at the time of her death.
If, under the terms of that will, plaintiff became vested with an
estate in fee simple absolute, she is entitled to judgment; other-
wise not. So much of the will as is pertinent reads as follows: "I
give and devise my house and lot * * * to the aforesaid Ann
Mary Sykes [this plaintiff], and, if the said Ann Mary Sykes dies
without issue alive, then the aforesaid house and lot shall be sold,"

¶ 1. See Wills, vol. 49, Cent. Dig. §§ 1171–1173.

and the proceeds divided, etc. The defendant contends that the plaintiff's title is not free from reasonable doubt, and is not, therefore, marketable, and hence that specific performance should not be decreed against him. We think, however, that language entirely similar to that employed by the testator has so frequently been construed by our court of last resort in favor of the plaintiff's contention, that her title cannot be said to be contaminated with any such doubt. The inquiry is whether the death of the plaintiff without issue alive, in the construction of the will, means such death in the lifetime of the testator, or at any time when the event occurs, irrespective of the time of the testator's death. The general rule of construction has been stated in this language by Judge Andrews in Vanderzee v: Slingerland, 103 N. Y. 47, 55, 8 N. E. 247, 57 Am. Rep. 701:

"Where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, followed by a devise over in case of his death without issue, it has, I think, been uniformly held in England, and it is the rule, supported by the preponderance of judicial authority, in this country, that the words refer to a death without issue in the lifetime of the testator, and that the primary devisee, surviving the testator, takes an absolute estate in fee simple. Clayton v. Lowe, 5 Barn. & Ald. 636; Gee v. Mayor of Manchester, 17 Adol. & El. (N. S.) 737; Woodbourne v. Woodbourne, 23 L. J. Ch. 336; Doe v. Sparrow, 13 East, 359; Quackenboss v. Kingsland, 102 N. Y. 128, 6 N. E. 121, 55 Am. Rep. 771; Livingston v. Greene, 52 N. Y. 118; Embury v. Sheldon, 68 N. Y. 227; Waugh's Appeal, 78 Pa. 436; Mickley's Appeal, 92 Pa. 514. But see Britton v. Thornton, 112 U. S. 526, 5 Sup. Ct. 291, 28 L. Ed. 816."

Judge Finch stated in Benson v. Corbin, 145 N. Y. 351, 359, 40 N. E. 11, after calling attention to the general rule: "While such is the general rule, it is said to maintain its hold somewhat weakly, and with a doubtful grasp, and to yield easily to any fact or circumstance indicating a different intention;" evidently referring to the language of Judge Peckham in Washbon v. Cope, 144 N. Y. 287, 297, 39 N. E. 388, 391, as follows:

"There is another rule, which is also well settled—that where the devise or bequest over to third persons is not dependent upon the event of death simply, but upon death without issue or without children, the death referred to is death in the lifetime of the testator. It is true that in some cases courts have stated that they would lay hold of slight circumstances to vary this construction, and give effect to the language according to its natural import as referring to a death, under the circumstances mentioned, happening either before or after the death of the testator."

Treating of the character of such circumstances considered by the court sufficient to vary this construction, Judge Peckham goes on to say:

"But those circumstances must be such that a court can reasonably say there is good and fair ground upon which to base an alteration of the rule outside of and beyond the language which courts have heretofore held compelled them to enforce the rule as stated. When the language of a devise or bequest is such that the courts, without looking at any of the other provisions of a will, would say that such language meant, within the well-settled decisions, that the death spoken of was death before that of the testator, then the language in other portions of the will, which is to alter that rule, must be such as at least to give fair, clear, and reasonable ground for saying that its proper effect is to change the rule in question."

We have been unable to discover in the language of the will whose construction is under consideration any circumstances upon which reliance might be placed to withdraw the application of the general rule; nor has counsel for the defendant attempted to point out any. The language to be construed is so nearly like that in the cases to which attention has been called that the rule there adopted must be held applicable in this case. See, also, Quackenboss v. Kingsland, 102 N. Y. 128, 6 N. E. 121, 55 Am. Rep. 771; Mead v. Maben, 131 N. Y. 255, 30 N. E. 98; Matter of Tienken, 131 N. Y. 391, 30 N. E. 109; and Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515.

Judgment should be ordered for the plaintiff, with costs. All concur.